UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CINDY BRADEN, an individual, MICHAEL and CINDY BOHNERT, a married couple,

Plaintiffs,

v.

TORNIER, INC.,

Defendant.

CASE NO. C09-5529RJB

ORDER ON DEFENDANT TORNIER, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6)

This matter comes before the Court on Defendant Tornier, Inc.'s Motion to Dismiss for Failure to State a Claim Under Fed. R. Civ. P. 12 (b)(6). Dkt. 4. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 2, 2009, Defendant removed this case from Pierce County, Washington Superior Court. Dkt. 1. Plaintiffs' Complaint alleges that Defendant "designs, manufactures, markets, and sells prosthetic implants." Dkt. 1-2, at 4. Plaintiffs allege that both Ms. Braden and Mr. Bohnert had one of Defendant's prosthetic toes implanted. *Id.* Ms. Braden and Mr. Bohnert allege that they followed their physicians' directions for care, "used their feet in an ordinary manner, and did not suffer any subsequent external trauma to their feet." *Id.,* at 5. Plaintiffs allege that the implants failed and both had to have them removed. *Id.* Plaintiffs allege a cause of action for negligence, violation of Washington's Product Liability Act, RCW 7.72.010, *et seq.*, ("WPLA"), and Washington's Consumer Protection Act, RCW 19.86, *et seq.*, ("CPA"). *Id.*

ORDER
Page 1

Defendant now files a motion to dismiss, arguing that: 1) Plaintiffs' negligence claim is preempted by the WPLA, 2) Plaintiffs' WPLA claim should be dismissed because Plaintiffs fail to allege facts supporting an inference that the device was defective in its design, warnings, or manufacture, 3) Plaintiffs' CPA claim should be dismissed because they fail to allege sufficient facts supporting an inference of deceptive conduct, public impact, injury to Plaintiffs' "business or property," and causation, and 4) the Complaint fails to plead any claim for Plaintiff Cindy Bohnert. Dkts. 4 and 8.

Plaintiffs respond, and acknowledge that their negligence claim should be dismissed. Dkt. 6. Plaintiffs further argue that: 1) the federal rules of procedure do not govern Plaintiffs' Complaint which was filed to comport with the Washington state court rules, 2) the Complaint meets the pleading requirements under the Washington rules, 3) the Complaint meets the pleading standard announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), and 4) even if the Complaint was insufficiently pled, Plaintiffs should be granted leave to amend rather than have the case dismissed. Dkt. 6.

This Opinion will first address whether federal or state law applies and then whether the motion to dismiss should be granted.

## II. DISCUSSION

### A. APPLICATION OF STATE LAW

Parties do not dispute that as a federal court sitting in diversity, this court is bound to apply substantive state law. *State Farm Fire and Casualty Co. v. Smith*, 907 F.2d 900, 901 (9th Cir. 1990). A federal court applying Washington law must apply the law as it believes the Washington Supreme Court would apply it. *Gravquick A/S v. Trimble Navigation Intern. Ltd.*, 323 F.3d 1219, 1222 (9th Cir. 2003). "[W]here there is no convincing evidence that the state supreme court would decide differently, a federal court is obligated to follow the decisions of the state's intermediate appellate courts ." *Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir.2001) (*quoting Lewis v. Tel. Employees Credit Union*, 87 F.3d 1537, 1545 (9th Cir.1996) (*internal quotation marks omitted*)).

Contrary to Plaintiffs' assertions, "[i]t is well-settled that the Federal Rules of Civil Procedure apply in federal court, irrespective of the source of the subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009)(holding that Fed. R. Civ. P. 9(b)'s requirement that fraud be pled with particularity applies to state law causes of action)(*internal quotations omitted*). Accordingly, the Federal Rules of Civil Procedure and the U.S. Supreme Court's holding regarding pleading requirements announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) apply. The Court understands Plaintiffs' plight - being held to one pleading standard in state court, where they chose to file their case, and being held to another after the case is removed. However, the law is clear, Fed. R. Civ. P. 81 (c)(1) states that the Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court." This action has now been removed and the federal rules apply.

### B. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM - STANDARD

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Fed. R. Civ. P. 12 (b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Dismissal of a complaint may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*internal citations omitted*).

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(*citing Twombly*, at 570). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Id*. First, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.*, at 1950. Secondly, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content must be plausibly suggestive of a claim entitling the pleader to relief." *Moss v. U.S. Secret Service,* 572 F.3d 962, 969 (9th Cir. 2009).

If a claim is based on a proper legal theory but fails to allege sufficient facts, the plaintiff should be afforded the opportunity to amend the complaint before dismissal. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983). If the claim is not based on a proper legal theory, the claim should be dismissed. *Id*. "Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Moss v. U.S. Secret Service,* 572 F.3d 962, 969 (9th Cir. 2009).

### C. NEGLIGENCE CLAIM

Washington's WPLA "created a single cause of action for product-related harms and supplants previously existing common law remedies, including common law actions for negligence." *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wash.2d 299, 323 (1993). Plaintiffs' negligence claim should be dismissed because it is preempted by the WPLA, and so fails to state a claim upon which relief can be granted. Defendant's motion to dismiss Plaintiffs' negligence claim should be granted.

### D. WPLA CLAIM

Under the WPLA, "[a] product manufacturer is subject to liability to a claimant if the claimant's harm was proximately caused by the negligence of the manufacturer in that the product was not reasonably safe as designed or not reasonably safe because adequate warnings or instructions were not provided." RCW 7.72.030 (1). Further, RCW 7.72.030 (2) provides that "[a] product manufacturer is subject to strict liability to a claimant if the claimant's harm was

proximately caused by the fact that the product was not reasonably safe in construction or not reasonably safe because it did not conform to the manufacturer's express warranty or to the implied warranties under Title 62A RCW." Plaintiffs' Complaint alleges that Defendant "designs, manufactures, markets, and sells prosthetic implants." Dkt. 1-2, at 4. Plaintiffs allege that Ms. Braden and Mr. Bohnert had one of Defendant's prosthetic toes implanted. *Id.* Plaintiffs allege that the implants failed. *Id.* Plaintiffs' non-conclusory allegations and reasonable inferences from that content, are sufficient under *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), to show that they have stated a "claim to relief that is plausible on its face" under the WPLA. Defendant argues that Plaintiffs should be forced to provide more factual allegations as to their WPLA claim and more specifically identify their theory - unsafe design, inadequate warnings, manufacturing defects, or noncompliance with express or implied warranties - is not well taken. Plaintiffs properly point out that whether a product's defect was due to its design or manufacture is the sort of information that is gained in discovery. To force Plaintiffs to plead facts in support of the theory would shut the courthouse doors before Plaintiffs had an opportunity to meaningfully engage in the process. This reaches well beyond the Supreme Court's holdings in *Twombly* and *Iqbal*.

### E. CPA CLAIM

To state a claim under the CPA, a plaintiff must "establish five distinct elements: (1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; and (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 780 (1986). "RCW 19.86.090 allows anyone who has been 'injured in his or her business or property by a violation' of the WCPA to bring a civil action in which she may recover actual damages, trial costs, and attorney fees." *Ambach v. French*, --- P.3d ----, 2009 WL 3031416 (Wash., Sept. 24, 2009)(*quoting* RCW 19.86.090). "While the injury involved need not be great, or even quantifiable, it must be an injury to business or property." *Id.* Three days after Plaintiffs filed their Response to the instant motion, in *Ambach*, the Washington Supreme Court addressed the question of whether the

1  CPA's provision for recovery of damages to "business or property" included personal injury
2  damages. *Id.* The *Ambach* Court determined that "[p]ersonal injury damages . . . are not
3  compensable damages under the CPA and do not constitute injury to business or property." In
4  Washington, at least for the purposes of the CPA, personal injury damages are "medical expenses,
5  wage loss, loss of earning capacity, and out-of-pocket expenses." *Id*.

6  Defendant's motion to dismiss for failure to state a CPA claim should be granted without
7  prejudice. In light of the Washington Supreme Court's recent ruling in *Ambach*, Plaintiffs'
8  Complaint does not allege damages to "business or property." Plaintiffs do move for leave to
9  amend their complaint, and should be given an opportunity to do so, as stated below.
10 Defendant's motion to dismiss Plaintiffs' CPA claim should be granted and the claim dismissed
11 without prejudice.

### F. MS. BOHNERT'S CLAIMS

13 Defendants' motion to dismiss Ms. Bohnert's claim, the wife of one of the Plaintiffs who
14 allegedly received an implants, should be denied. Plaintiffs acknowledge that no claim was
15 formally identified for Ms. Bohnert. Dkt. 6, at 9. Plaintiffs argue that the Complaint contains
16 "allegations that raise a fair inference that evidence on certain legal theories will be presented at
17 trial" including a loss of consortium claim for Ms. Bohnert. *Id.* The Court agrees. The
18 Complaint alleges sufficient non-conclusory facts from which the Court could add reasonable
19 inferences and to hold that she has stated a loss of consortium claim against the Defendant that is
20 "plausible on its face." *Iqbal*, at 1949. However, as Plaintiffs have moved for leave to amend the
21 Complaint, they may wish to more formally plead her claim.

### G. MOTION TO AMEND COMPLAINT

23 Fed. R. Civ. P. 15(a)(2) provides that "a party may amend its pleading only with the
24 opposing party's written consent or the court's leave. The court should freely give leave when
25 justice so requires." "Five factors are taken into account to assess the propriety of a motion for
26 leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment,
27 and whether the plaintiff has previously amended the complaint. Futility alone can justify the

28

denial of a motion to amend." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)(*internal quotations and citations omitted*).

Plaintiffs' motion for leave to amend their Complaint should be granted. There is no evidence of bad faith, undue delay, or prejudice to the opposing party. Except as to the negligence claim, there is no showing that amendment would be futile. Plaintiffs should be given an opportunity to plead their claims particularly in light of this opinion and recent Washington State Supreme Court ruling in *Ambach*. Plaintiffs have not previously amended their Complaint. Plaintiffs should file an amended complaint, if any, by October 19, 2009.

### III. ORDER

Therefore, it is hereby, **ORDERED** that:

- Defendant Tornier, Inc.'s Motion to Dismiss for Failure to State a Claim Under Fed. R. Civ. P. 12 (b)(6) (Dkt. 4) is **GRANTED, IN PART** with prejudice, as to Plaintiffs' negligence claim and without prejudice as to Plaintiffs' CPA claim;
- Defendant Tornier, Inc.'s Motion to Dismiss for Failure to State a Claim Under Fed. R. Civ. P. 12 (b)(6) (Dkt. 4) is **DENIED, IN PART**, as to Plaintiffs WPLA claim, and Ms. Bohnert's claim;
- Plaintiffs' Motion for Leave to Amend Complaint (Dkt. 6) is **GRANTED**;
- Plaintiffs **SHALL FILE** an amended complaint, if any, by October 19, 2009.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 30th day of September, 2009.

Robert J. Bryan
United States District Judge